# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
Case No.: 3:19-cv-580

ANDREW ELLIOTT WILKINSON,

      Plaintiff,

      v.

WELLS FARGO BANK, N.A.; WELLS FARGO CLEARING SERVICES, LLC d/b/a WELLS FARGO ADVISORS and/or FIRST CLEARING; ANGIE OSTENDARP; MIKE QUIMBY; FINRA; and PLACE AND HAWLEY LLC,

      Defendants.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Wells Fargo Bank, N.A. ("Wells Fargo Bank"), Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors and/or First Clearing ("WFCS"),[1] Angie Ostendarp, and Mike Quimby (collectively, the "Removing Defendants") hereby jointly submit this Notice of Removal of *Andrew Elliott Wilkinson v. Wells Fargo Bank, N.A., et al.*, which is pending as Case No. 19-CVS-15259 in the North Carolina Superior Court for Mecklenburg County (the "State Court Action"), to the Charlotte Division of the United States District Court for the Western District of North Carolina. In support of removal, the Removing Defendants respectfully show the Court as follows:

---

[1] Although Plaintiff purports to sue "Wells Fargo Advisors" and "1st Clearing LLC" (Compl. at 41; *see also id.* at 2), Wells Fargo Advisors and First Clearing are merely trade names used by Wells Fargo Clearing Services, LLC.

## THE COMPLAINT AND TIMELINESS OF REMOVAL

1.      On August 1, 2019, Plaintiff filed a Complaint in the State Court Action asserting claims against Defendants.  A true and accurate copy of all current process, pleadings, and orders served on the Removing Defendants in the State Court Action—in particular, a package consisting of a Summons and Complaint that incorporates 77 pages of materials as well as an amended pleading or addendum with an accompanying Summons (collectively, the "Complaint")—are attached as **Exhibit A**[2] and incorporated by reference.  *See* 28 U.S.C. §1446(a).

2.      Defendant Angie Ostendarp received a copy of the Complaint by U.S. Mail on October 1, 2019.  Defendant Mike Quimby received a copy of the Complaint by U.S. Mail on October 2, 2019.  Defendants WFCS and Wells Fargo Bank received copies of the Complaint by U.S. Mail on or after October 4, 2019.

3.      Thus, the Removing Defendants have timely filed this Notice of Removal by filing and serving it within 30 days of service of the Complaint on any of the four Removing Defendants.  *See* 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

**I.      The Court Has Original, Federal Question Jurisdiction Over this Action.**

4.      This pro se Plaintiff describes his case as follows: "This is a 42USC@1983 [sic] Civil Rights Complaint.  This is a Criminal Complaint.  This is a Constitutional Complaint . . . ." (Compl. at 11.)

---

[2] Though Plaintiff filed this documentation publicly without redactions in state court, the Removing Defendants have endeavored to redact personally identifiable information for purposes of this filing.

5.      Because Plaintiff purports to bring a claim or claims under 42 U.S.C. §1983, this Court has original jurisdiction under the provisions of 28 U.S.C. §1331, and the case is one that may be removed to this Court pursuant to 28 U.S.C. §1441(a) and (c).  *See also Front Royal & Warren Cty. Indus. Park Corp. v. Town of Front Royal, Va.*, 135 F.3d 275, 278 (4th Cir. 1998) ("Federal court jurisdiction to hear § 1983 cases exists under the general federal question jurisdiction statute, 28 U.S.C. § 1331."); *In re Mills*, 287 F. App'x 273, 277-78 (4th Cir. 2008) ("Federal-question jurisdiction clearly exists over Bosely's § 1983 claims.  And, the district court possessed supplemental jurisdiction over the state-law claims arising out of the same set of facts.") (internal citations omitted).

II.    Additionally, Plaintiffs' claims are premised in large part on the substance of a prior action before this Court captioned *Wilkinson v. Wells Fargo Advisors, LLC, et al.*, Case No. 3:16-CV-00755-RJC (filed Nov. 1, 2016), which the Honorable Robert J. Conrad dismissed by Order entered February 15, 2017.  (*See*, *e.g.*, Doc. 1-1 at 33.)

III.   **The Other Requirements for Removal Have Been Satisfied.**

6.      The State Court Action is properly removed to this Court, which is located in the district and division where the State Court Action was pending.  *See* 28 U.S.C. § 1446(a).

7.      With respect to the other named Defendants, on October 15, 2019, undersigned counsel, James Derrick, spoke with Sarah Hawley and Randall Place.  Ms. Hawley represented that Place and Hawley LLC is no longer an existing entity, and both Ms. Hawley and Mr. Place confirmed that they had not been served with a copy of the Complaint or process in this action.  Thus, this named Defendant's consent is not necessary for removal.  *See* 28 U.S.C. § 1446(b)(2)(A).  On October 15, 2019, I also spoke with Terri Reicher in FINRA's General Counsel's Office, who confirmed that FINRA had likewise not been served with a copy of the

Complaint or process in this action. She further stated that if FINRA had been properly served, FINRA would consent to removal to this Court.

8. As required by 28 U.S.C. § 1446(d), the Removing Defendants will promptly (i) give written notice of this Notice of Removal to Plaintiff and (ii) file a copy of such notice with the Clerk of the North Carolina Superior Court for Mecklenburg County. A true and accurate copy of this to-be-filed Notice of Filing of Notice of Removal (without exhibits) is attached as **Exhibit B** and incorporated by reference.

9. Pursuant to Local Rule 73.1(B), the Removing Defendants will serve Plaintiff with copies of the Case Assignment Notice, the Notice of Availability of a Magistrate Judge to Exercise Jurisdiction, and the Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge.

10. By removing the State Court Action to this Court, the Removing Defendants do not waive any defenses, objections, or motions available to them under state or federal law. The Removing Defendants expressly reserve the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure (and Rule 12 of the North Carolina Rules of Civil Procedure, should this matter be remanded at a later date).

**WHEREFORE**, the Removing Defendants respectfully remove the State Court Action from the North Carolina Superior Court of Mecklenburg County to the Charlotte Division of the United States District Court for the Western District of North Carolina.

Dated:  October 30, 2019

**Womble Bond Dickinson (US) LLP**

/s/ Debbie W. Harden
Debbie W. Harden (N.C. State Bar No. 10576)
James S. Derrick (N.C. State Bar No. 39632)
301 South College Street, Suite 3500
Charlotte, NC 28202-6037
Telephone: (704) 331-4943
Email: debbie.harden@wbd-us.com
Email: james.derrick@wbd-us.com

*Attorneys for Defendants Wells Fargo Bank, N.A.; Wells
Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors
and/or First Clearing; Angie Ostendarp; and Mike Quimby*

5

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 30, 2019 the foregoing **NOTICE OF REMOVAL** was filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing and serve all CM/ECF recipients.

I further certify that on October 30, 2019 I served the following non-CM/ECF participants by U.S. Mail as follows:

Andrew Elliott Wilkinson
1430 Pine Tree Drive
Charlotte, NC 28270

*Pro Se Plaintiff*

Place and Hawley LLC
1415 Panther Lane
Naples, FL 34109

*Defendant*

FINRA
c/o Terri Reicher
1735 K Street
Washington, DC 20006

*Defendant*

/s/ Debbie W. Harden
Debbie W. Harden (N.C. Bar No. 10576)

6