IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No.: 3:19-cv-00580-RJC

ANDREW ELLIOTT WILKINSON,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.; WELLS FARGO CLEARING SERVICES, LLC d/b/a WELLS FARGO ADVISORS and/or FIRST CLEARING; ANGIE OSTENDARP; MIKE QUIMBY; FINRA; and PLACE AND HANLEY LLC,

    Defendants.

DEFENDANTS WELLS FARGO BANK, N.A., WELLS FARGO CLEARING SERVICES, LLC, ANGIE OSTENDARP, AND MIKE QUIMBY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

[Fed. R. Civ. P. 8, 10(b), and 12(b)(6)]

Pursuant to Rules 8, 10(b), and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors and/or First Clearing ("WFCS"),[1] Wells Fargo Bank, N.A. ("Wells Fargo Bank"), Angie Ostendarp, and Mike Quimby (collectively, the "Moving Defendants") respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff Andrew Wilkinson's Complaint. (Doc. 11.)

---

[1] Although Plaintiff purports to sue "Wells Fargo Advisors" and "1st Clearing LLC" (Compl., Doc. 1-1 at 3, 82), Wells Fargo Advisors and First Clearing are merely trade names used by Wells Fargo Clearing Services, LLC. To expedite this proceeding (and in recognition of the pro se nature of the action), the present Motion and Memorandum are being submitted on behalf of WFCS, the actual Wells Fargo entity it appears Plaintiff was attempting to sue. Similarly, the Complaint makes reference to "Wells Fargo Companies and Stockholders," but this is not a discrete legal entity, nor does it appear on Plaintiff's "List of Defendants Revised." (*See id.* at 82.) In any event, for the reasons set forth below, Plaintiff has not pled viable claims against any "Wells Fargo" entity or representative.

# INTRODUCTION

This pro se action is nothing more than a transparent and impermissible attempt by Plaintiff to relitigate claims and theories this Court already decided against him in *Wilkinson v. Wells Fargo Advisors, LLC, et al.*, No. 3:16-CV-00755-RJC (W.D.N.C filed Nov. 1, 2016) (the "First Federal Action"), which itself was an improper attempt to relitigate a Financial Industry Regulatory Authority ("FINRA") arbitration that concluded in August 2016.

The Complaint should therefore be dismissed under the principles of res judicata and collateral estoppel. What Plaintiff really seeks is an appeal of the First Federal Action's dismissal of his claims and the FINRA award, but his deadline for seeking such a review has long since passed, and his claims in this action are untimely. Plaintiff has also failed to satisfy basic federal pleading standards or allege facts sufficient to state a cognizable claim for relief against any of the Moving Defendants. The Complaint should be dismissed with prejudice.

# BACKGROUND AND ALLEGATIONS

## I. The Parties and Commercial Relationship

In January 2005, Plaintiff Andrew Wilkinson received an inheritance of approximately $430,000, comprised of investments that were managed by WFCS.[2] (First Federal Action Doc. 1 at 19; s*ee also* Doc. 1-1 at 34.)[3] He subsequently met with WFCS representatives, including Defendant Angie Ostendarp, a Financial Advisor who later worked with Mr. Wilkinson on his

---

[2] For the sake of simplicity and to avoid confusion, references in this Memorandum to WFCS shall include references to WFCS's predecessors-in-interest, including Wachovia Securities, LLC (the entity Mr. Wilkinson contracted with) and Wells Fargo Advisors, LLC (Wachovia Securities, LLC's successor and the respondent in the FINRA arbitration). Wells Fargo Bank is not a successor to either of these entities and is improperly identified as a Defendant in this action.

[3] When referring to Mr. Wilkinson's Complaints before this Court, page citations in this Memorandum refer to the page numbers stamped on the bottom of each page, not Mr. Wilkinson's handwritten page numbers.

WFCS account and investments. (Doc. 1-1 at 36-40.) On August 12, 2013, WFCS sent a letter, signed by former WFCS representative and Defendant Mike Quimby, notifying Mr. Wilkinson that WFCS was exercising its option under the operative client agreement(s) to terminate the customer account relationship. (*Id.* at 41.) The Complaint is based on alleged actions or omissions during the parties' 2005 to 2013 commercial relationship. (*See generally id.* at 34-40.)

II.     **Mr. Wilkinson's Prior Legal Proceedings Before FINRA and this Court**

On July 22, 2015, Mr. Wilkinson initiated a FINRA proceeding against WFCS in Charlotte, North Carolina, asserting, for example, claims of fraud, unfair and deceptive trade practices, breach of fiduciary duty, breach of contract, RICO violations, and negligence. (First Federal Action Doc. 1 at 6, 9, 18.) In his FINRA Letter of Complaint, Mr. Wilkinson sought damages against WFCS, Ms. Ostendarp, and Mr. Quimby, alleging that: (1) Mr. Wilkinson lacked understanding regarding how his assets were being invested (*Id.* at 17, 19-21); (2) he did not receive copies of certain documents (*Id.* at 17, 20); (3) he was "placed in a loan" without his knowledge or consent (*Id.* at 17, 19-20); and (4) WFCS did not properly manage his assets. (*Id.* at 19.) After a July 2016 hearing, a FINRA arbitration panel ordered WFCS to pay Mr. Wilkinson $73,784.34 in damages plus attorneys' fees. (*Id.* at 9-14.)

Apparently unsatisfied with this result, Mr. Wilkinson filed the First Federal Action on November 1, 2016, again seeking damages from WFCS, Ms. Ostendarp, and Mr. Quimby. (*See* First Federal Action Doc. 1 at 7 ("This is an attempt to settle for damages NOT awarded in FINRA . . . .").) Indeed, Mr. Wilkinson attached to his complaint in the First Federal Action the same set of allegations he submitted to FINRA. (*Id.* at 8, 17-22.) This Court described Mr. Wilkinson's claims in the First Federal Action as follows:

> Plaintiff has filed a pro se complaint alleging various state law claims and a claim that his rights as protected under 42 U.S.C. § 1983 have

> been violated. In support of his claim for relief, Plaintiff contends the defendants mismanaged his investment funds and he attaches evidence of an award from a dispute resolution he filed, through counsel, against Defendant Wells Fargo Advisors, LLC, with the Financial Industry Regulatory Authority (FINRA).

(First Federal Action Doc. 14 at 2.)

On February 15, 2017, the Court entered an Order dismissing Mr. Wilkinson's 42 U.S.C. § 1983 claim in the First Federal Action, holding that he "utterly failed to demonstrate that any of the defendants are state actors." (*Id.* (also denying as futile Mr. Wilkinson's motion seeking leave to amend his complaint to add Wells Fargo Bank as a party).) The Court likewise dismissed Mr. Wilkinson's remaining claims, concluding that "Plaintiff's generic recitation of other federal and state law claims fails to alert this Court to any potential claim for relief." (*Id.*)

### III. Mr. Wilkinson's Claims and Allegations in the Present Action

Mr. Wilkinson describes the present Complaint as "an amendment AND an addendum to previously filed complaints: Federal Court and FINRA." (Doc. 1-1 at 34 ¶ 2; *see also id.* at 13 ("Since my previous attempt for justice was denied as '<u>futile</u>' in Federal Court on February 15, 2017 . . . ."; "I present this complaint to the N.C. Superior Court[4] at 2 years, 4 months after my Federal Court Denial . . . .").) As with the First Federal Action and FINRA arbitration, Mr. Wilkinson's Complaint in this case is based on allegations that: (1) Mr. Wilkinson did not fully understand certain aspects of his investments or conversations with WFCS (*Id.* at 37 ¶¶ 6-8; 38 ¶ 11; 39); (2) he did not receive copies of certain contracts or other documents (*Id.* at 34 ¶¶ 6; 35 ¶ 8; 36 ¶ 5; 37 ¶¶ 1, 9; 38 ¶ 13); (3) he "was put in 4 loans" without his knowledge or consent, causing him to suffer financial losses (*Id.* at 34 ¶¶ 4-5; 37 ¶¶ 8-10; 39); and (4) WFCS allegedly mismanaged the funds in his investment account. (*Id.* at 34 ¶¶ 4-5; 35 ¶ 7.)

---

[4] The Moving Defendants subsequently removed the case to this Court (Doc. 1), primarily because the Court had already addressed these issues in the First Federal Action.

Like the First Federal Action, Mr. Wilkinson also asserts a claim for constitutional violations pursuant to 42 U.S.C. § 1983 and alleged criminal conduct. (Doc. 1-1 at 12 ("This is a 42USC@1983 [sic] Civil Rights Complaint . . . . This is a Constitutional Complaint.")) Rather than pleading discrete causes of action supported by factual allegations, however, Mr. Wilkinson attached an 11-page handwritten list of state and federal statutes he "suspect[s]" were violated, including criminal statutes. (*Id.* at 56-72.)

## STANDARD

A Rule 12(b)(6) motion to dismiss is properly granted when the facts alleged, taken as true and viewed in the light most favorable to the plaintiff, would not entitle the plaintiff to the relief sought. *Mylan Labs., Inc. v. Maktari*, 7 F.3d 1130, 1134 (4th Cir. 1993). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citation omitted). Under this standard, the Court need not accept conclusory allegations regarding the legal effect of the facts alleged or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted). Nor need the Court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). When considering a Rule 12(b)(6) motion to dismiss, a court may consider facts of which judicial notice may be taken, public records, and any documents on which the plaintiff relied in bringing their action without converting the proceeding into a motion for summary judgment. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Biospherics, Inc. v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D.Md.1997), *aff'd*, 151 F.3d 180 (4th Cir.1998)).

More fundamentally, Rule 8 requires a plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A plaintiff also "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Complaint here fails to satisfy these federal pleading standards and fails to state a claim on which relief may be granted.

## ARGUMENT

Although the Moving Defendants expressly deny all allegations of wrongdoing by Mr. Wilkinson, such factual disputes are outside the scope of—and need not be adjudicated to resolve—the present Motion to Dismiss. Instead, the Court should dismiss the Complaint with prejudice because: (I) Mr. Wilkinson's claims are barred by the principles of res judicata and collateral estoppel; (II) the Complaint's claims and requested relief are time-barred; and (III) Mr. Wilkinson failed to allege any facts supporting a cognizable, plausible claim for relief against the Moving Defendants.

### I. MR. WILKINSON'S CLAIMS ARE BARRED BY THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL.

Because the claims and theories at issue in the present action have already been litigated and finally resolved by this Court and in a prior FINRA arbitration, or could have been raised in these proceedings, the Complaint fails on res judicata and collateral estoppel grounds.

The doctrine of res judicata "bars the relitigation of any claims that were or could have been raised in a prior proceeding between the same parties." *Sartin v. Macik*, 535 F. 3d 284, 287 (4th Cir. 2008). Similarly, the doctrine of collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the

prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." *McGahren v. First Citizens Bank & Tr. Co.*, No. CIV. 1:93CV143, 1997 WL 1050726, at *1 (W.D.N.C. Aug. 1, 1997) (quoting *In re McNallen*, 62 F.3d 619, 624 (4th Cir. 1995)). This preclusive effect is not limited to court proceedings; it arises in the same manner from arbitration awards. *See Watkins v. Duke Med. Ctr.*, No. 1:13-CV-1007, 2014 WL 4442936, at *8 (M.D.N.C. Sept. 9, 2014) (precluding relitigation of claims arising out of the same transaction as a claim resolved in a prior arbitration); *Whitlock v. Triangle Grading Contractors Dev., Inc.*, 205 N.C. App. 444, 449, 696 S.E.2d 543, 547 (2010) (holding that, under North Carolina law, even "an unconfirmed arbitration award may be given preclusive effect in future litigation").

There can be no real dispute that Mr. Wilkinson seeks to relitigate claims and issues that were, or could have been, raised in the First Federal Action or FINRA arbitration. Indeed, Mr. Wilkinson readily admits that "[t]his complaint is an amendment AND an addendum to previously filed complaints: Federal Court and FINRA . . . ." (Doc. 1-1 at 34) and "*another* attempt to bring justice . . . ." (*Id.* at 12 (emphasis added).) A comparison of the claims and theories asserted in the various actions further demonstrates that Mr. Wilkinson is simply seeking another bite at the apple. For example, as in the First Federal Action and FINRA arbitration, Mr. Wilkinson's claims here are based on alleged actions or omissions by WFCS (or its representatives) relating to his WFCS account and investments, including allegations that WFCS mismanaged Mr. Wilkinson's assets, that Mr. Wilkinson entered into loan agreements without his knowledge or consent, that he did not fully understand aspects of his dealings with WFCS or his investments, and that he did not receive copies of certain contracts or other documents he contends he should have received. (*Compare* Doc. 1-1 at 34-40 *with* First Federal Action Doc. 1

at 7-8, 17-22.) Moreover, Mr. Wilkinson purports to sue the Moving Defendants for constitutional violations pursuant to 42 U.S.C. § 1983 despite this Court's clear and correct dismissal of that claim in the First Federal Action. (*See* First Federal Action Doc. 14 at 2.)

Because Mr. Wilkinson's current claims, theories, and allegations were either already decided or could have been raised in his prior FINRA arbitration and the First Federal Action, these claims are barred by the doctrines of res judicata and collateral estoppel, and the Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6). *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (noting that res judicata and collateral estoppel are analyzed under Rule 12(b)(6) and that the Court may "take judicial notice of facts from a prior judicial proceeding when the [collateral estoppel] defense raises no disputed issue of fact").

## II.     MR. WILKINSON'S CLAIMS ARE UNTIMELY.

By filing the present action, Mr. Wilkinson effectively seeks to vacate or appeal the FINRA arbitration and prior First Federal Action rulings. (*See*, *e.g.*, Doc. 1-1 at 34 ("This complaint is an amendment AND an addendum to previously filed complaints:  Federal Court and FINRA . . . ."), 13 (arguing that "FINRA is NOT a neutral arbitrator/mediator!"), 28 (alleging that "actual damages are not complete and neither is the unjust enrichment (by FINRA arbitration) proving conspiracy . . . .").)[5]  As discussed in the preceding section, Mr. Wilkinson may not seek such review by filing a separate action as he has done here.  And while he previously had the opportunity and legal mechanisms to challenge this Court's rulings and the FINRA award, his deadlines for doing so have long since passed.

In particular, under the Federal Arbitration Act, "[n]otice of a motion to vacate, modify,

---

[5] FINRA and the law firm that represented Mr. Wilkinson in the FINRA proceeding are both named as Defendants in this action, further supporting the conclusion that this action is simply an attempt to vacate or appeal prior decisions.

or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12; *see also Paul v. Cape Sec., Inc*., No. CV RDB-18-0500, 2018 WL 3428712, at *3 (D. Md. July 16, 2018) (denying a motion to vacate a FINRA award that was filed more than three months after the award was served upon the plaintiff). The FINRA award at issue here was filed and served in August 2016, meaning Mr. Wilkinson had until November 2016 to contest the award. *See In the Matter of the Arbitration Between: Claimant, Andrew E. Wilkinson*, No. 15-01842, 2016 WL 4258195, at *1-2 (Aug. 2, 2016). Mr. Wilkinson has missed this deadline by more than three years. Similarly, Mr. Wilkinson could have challenged this Court's February 2017 dismissal of his claims by, *inter alia*, filing an appeal with the United States Court of Appeals for the Fourth Circuit. But his deadline for doing so lapsed in or around March 2017. *See* Fed. R. App. P. 4(a)(1).

Moreover, even if Mr. Wilkinson's claims were not precluded as a result of his prior legal actions, because the claims would have accrued more than four years before this lawsuit, they would still be barred by the governing statutes of limitations. *See Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991) (finding that § 1983 claims have a three-year statute of limitations and accrue "when plaintiff knows or has reason to know of the injury which is the basis of the action"); *see also Newton v. Barth*, 788 S.E.2d 653, 662 (N.C. Ct. App. 2016) (fraud – three years); *Trillium Ridge Condo. Ass'n, Inc. v. Trillium Links & Vill., LLC*, 236 N.C. App. 478, 501, 764 S.E.2d 203, 219 (2014) (breach of fiduciary duty – three years); N.C. Gen. Stat. § 1–52(1) (breach of express or implied contract – three years); *F.D.I.C. v. Mingo Tribal Pres. Tr.*, No. 5:13-CV-113, 2015 WL 1646751, at *7 (W.D.N.C. Apr. 14, 2015) (breach of implied covenant of good faith and fair dealing – three years); *Leardini v. Charlotte-Mecklenburg Bd. of Educ.*, No. 3:09-CV-264, 2011 WL 1234743, at *1 (W.D.N.C. Mar. 29,

2011) (negligence – three years); N.C. Gen. Stat. § 75-16.2 (North Carolina Unfair and Deceptive Trade Practices Act claims – four years).[6]

Here, Mr. Wilkinson's claims are based on mismanagement of his funds and other wrongdoing from January 2005 to November 2007, with significant losses allegedly stemming from him taking out a loan or loans. (Doc. 1-1 at 34-40.) Setting aside the issue of when Mr. Wilkinson "ha[d] reason to know" of his alleged injuries, he concedes that he learned of these loans in July 2010 (*Id.* at 40),[7] more than nine years before this action was filed. And he received notice from WFCS that the account relationship was being terminated on August 12, 2013 (*Id.* at 41), more than six years before filing this lawsuit. As a result, Mr. Wilkinson's alleged claims would have accrued on these dates at the latest and are thus barred by the applicable statutes of limitations (and have been for years).

**III. THE COMPLAINT FAILS TO ALLEGE ANY FACTS SUFFICIENT TO SUPPORT A COGNIZABLE AND PLAUSIBLE CLAIM FOR RELIEF AGAINST THE MOVING DEFENDANTS.**

The Complaint should be dismissed because it: (A) fails to satisfy Rules 8 and 10's pleading standards; and (B) fails to state a plausible claim for relief against the Moving Defendants sufficient to survive Rule 12(b)(6).

---

[6] As discussed in greater detail in Section III, *infra*, Mr. Wilkinson has primarily described this as a § 1983 action, and to the extent he purports to bring additional claims, they are not pled adequately to pass muster under Rules 8 and 10's pleading requirements. Nonetheless, out of an abundance of caution, the Moving Defendants have included in the above paragraph claims asserted in the FINRA arbitration. (*See* First Federal Action Doc. 1 at 9.)

[7] *See, e.g., Stunzi v. Medlin Motors, Inc.*, 214 N.C. App. 332, 340, 714 S.E.2d 770, 777 (2011) (holding reliance on discovery rule to be misplaced because "it is well-established that a person has a duty to read a document he signs").

### A. The Complaint Fails to Satisfy Rules 8 and 10's Pleading Requirements.

When dismissing Mr. Wilkinson's non-constitutional claims in the First Federal Action, this Court correctly held that "Plaintiff's generic recitation of other federal and state law claims fails to alert this Court to any potential claim for relief." (First Federal Action Doc. 14 at 2.) Ignoring this ruling, Mr. Wilkinson employed the same strategy again here, including in his complaint an 11-page list of "SUSPECTED VIOLATED" state and federal statutes. (Doc. 1-1 at 56-72.) Because Mr. Wilkinson's pleading fails to comply with the pleading requirements set forth in Rules 8 and 10 (especially as to any non-§ 1983 claims), the Complaint should be dismissed.

Rule 8 prohibits "shotgun pleading," referring to a complaint that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading . . . . or [one in which] it is virtually impossible to know which allegations of fact are intended to support which claims for relief . . . ." *Jackson v. Warning*, No. CV PJM 15-1233, 2016 WL 7228866, at *4 (D. Md. Dec. 13, 2016); *see also id.* at *4, n.3 (noting that such "pleadings also often violate Federal Rule of Civil Procedure 10(b)"); *Salami v. JPMorgan Chase Bank, N.A.*, No. 1:18-CV-794, 2019 WL 2526467, at n.6 (M.D.N.C. June 19, 2019) (observing that courts disfavor shotgun pleading "because their sloppiness selfishly wastes valuable judicial resources, making it harder for other plaintiffs with clearly stated claims to present their grievances to a court").

Complaints "marred by 'shotgun pleading' . . . . warrant dismissal," even where the plaintiff is proceeding pro se. *See McCrea v. Wells Fargo,* No. CV RDB-18-2490, 2019 WL 2513770, at *7 (D. Md. June 17, 2019) (dismissing pro se complaint for engaging in shotgun pleading where plaintiff "presents 85 paragraphs of factual allegations under the heading 'Statement of Claim,' culminating, without further elaboration, in a list of over twenty causes of

action"); *Jackson*, 2016 WL 7228866, at *4 (dismissing pro se complaint for shotgun pleading where "bare factual assertions [were] only minimally connected with the statutes cited, "impeding the "ability to reasonably respond").[8]

Mr. Wilkinson's Complaint is largely inscrutable and a textbook example of impermissible shotgun pleading. For example, while he characterizes this primarily as a § 1983 constitutional case, he fails to tie that cause of action to the "factual" allegations he pleads. (*See* Doc. 1-1 at 12; s*ee* Section III.B.2, *infra*.) And in lieu of enumerated causes of action, with explanation of how the alleged facts support the claims, he merely provides a handwritten list of statutes he "suspect[s]" may have been violated, without any factual basis supporting an entitlement to relief or connection to the rest of the Complaint. (*See* Doc. 1-1 at 56-72.)

This structure and presentation render "futile any attempt to align the Complaint's myriad factual allegations with its [potential] causes of action" and further render "fruitless any attempt to discern which Defendants are allegedly responsible for which alleged acts of misconduct or which Defendants are sued under which theory of recover." *See McCrea*, 2019 WL 2513770, at *7. Because the Complaint fails to adhere to Rules 8 and 10's pleading requirements and constitutes improper "shotgun pleading," it should be dismissed in its entirety.

---

[8] While federal courts liberally construe a pro se litigant's claims, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (citation omitted). The United States Court of Appeals for the Fourth Circuit has noted that "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

### B. The Complaint Fails to State a Claim on Which Relief May Be Granted and Should Be Dismissed Pursuant to Rule 12(b)(6).

#### 1. Mr. Wilkinson's Claims for Purported Criminal Violations Fail as a Matter of Law.

Among the enumerated statutes listed in the Complaint without the requisite supporting allegations or explanation are a number of *criminal* statutes, including 18 U.S.C. § 241 (prohibiting conspiracies to deprive persons of federal rights), 18 U.S.C. §§ 892-894 (prohibiting the making, financing, and collection of "extortionate extensions of credit"), and other unspecified statutes dealing with embezzlement and fraud. (*See* Doc. 1-1 at 56-72.)

As the Fourth Circuit has observed, the Supreme Court has generally "been loath to infer a private right of action from a bare criminal statute, because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." *Doe v. Broderick*, 225 F.3d 440, 447-48 (2000) (citations omitted). Consistent with this conservative approach, federal courts have concluded that at least some of the criminal statutes cited by Mr. Wilkinson do *not* create private rights of action. *See, e.g.*, *Powers v. Karen,* 768 F. Supp. 46, 51 (E.D.N.Y. 1991) and *Dugar v. Coughlin,* 613 F. Supp. 849, n.1 (S.D.N.Y. 1985) (holding that 18 U.S.C. § 241 does not create a private right of action); *Lillacalenia v. Kit Fed'l Credit Union,* No. 3:15-CV-151, 2014 WL 3940289, at *2 (W.D. Ky. Aug. 12, 2014) and *Bey v. Nissan Motors Acceptance Corp.*, No. 92-2149, 1992 WL 174730, at *1 (E.D. Pa. July 21, 1992) (holding that 18 U.S.C. §§ 892-94 do not create private rights of action); *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987) (holding that the federal criminal code provisions dealing with embezzlement, fraud, and misrepresentation do not imply a civil cause of action). The reasoning and holdings of these cases apply with equal force here, and the Court should reject Mr. Wilkinson's apparent attempt to assert private rights of action based on a

simple list of criminal statutes he suspects may have been violated, without any allegations regarding why such statute should apply or allow for a private right of action.

### 2. Mr. Wilkinson's Claims for Constitutional and Civil Rights Violations Fail as a Matter of Law

Mr. Wilkinson describes this action as "a 42USC@1983 [sic] Civil Rights Complaint" and a "Constitutional Complaint." (Doc. 1-1 at 12.) Yet he failed to allege the specific constitutional right the Moving Defendants supposedly infringed, or how it was supposedly infringed. Moreover, "[t]o state a claim under § 1983, a plaintiff must aver that a person *acting under color of state law* deprived him of a constitutional right or a right conferred by a law of the United States." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009) (emphasis added). This "under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The Moving Defendants are private actors, and Mr. Wilkinson does not allege otherwise. Although a conspiracy between private actors and state actors may form the basis of a valid § 1983 claim under certain circumstances, *see Metavlos v. Anderson*, 249 F.3d 301, 311 (4th Cir. 2001), no such conspiracy has been alleged here. The Complaint's unsupported, conclusory allegations of a § 1983 violation fall woefully short of providing "[f]actual allegations" sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. 544, 555, 570 (2007).

As noted above, this is not the first time Mr. Wilkinson tried this strategy. In the First Federal Action, he alleged § 1983 claims against WFCS predecessor Wells Fargo Advisors, LLC, Ms. Ostendarp, and Mr. Quimby. This Court dismissed that action, properly concluding that

"Plaintiff has utterly failed to demonstrate that any of the defendants are state actors." (First Federal Action Doc. 14 at 2.) The same holds true here. The Court need not, and should not, "accept as true unwarranted inferences, unreasonable conclusions, or arguments," which is all Mr. Wilkinson has offered. *See Giarratano*, 521 F.3d at 302. The Complaint should therefore be dismissed with prejudice pursuant to Rule 12(b)(6).

## CONCLUSION

The Court should dismiss Mr. Wilkinson's claims in their entirety because they are barred by the doctrines of res judicata and collateral estoppel, they are time-barred, and Mr. Wilkinson has otherwise failed to plead claims sufficient to satisfy Rules 8 and 10 or survive a motion to dismiss pursuant to Rule 12(b)(6). Due to the nature of the claims in this action—including the Complaint's reliance on issues already decided by this Court—and in the interest of judicial economy, WFCS does not believe detailed briefing on Mr. Wilkinson's specific allegations and possible causes of action is warranted. If the Court believes further briefing with respect to any specific issues would be beneficial, the Moving Defendants respectfully request directions from the Court and a corresponding opportunity to respond.

Dated: December 6, 2019

**Womble Bond Dickinson (US) LLP**

/s/ *James S. Derrick*
James S. Derrick (N.C. State Bar No. 39632)
Debbie W. Harden (N.C. State Bar No. 10576)
301 South College Street, Suite 3500
Charlotte, NC 28202-6037
Telephone: (704) 331-4943
Email: debbie.harden@wbd-us.com
Email: james.derrick@wbd-us.com

*Attorneys for Defendants Wells Fargo Bank, N.A.; Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors and/or First Clearing; Angie Ostendarp; and Mike Quimby*

# CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2019 the foregoing **DEFENDANTS WELLS FARGO BANK, N.A., WELLS FARGO CLEARING SERVICES, LLC, ANGIE OSTENDARP, AND MIKE QUIMBY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT** was filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing and serve all CM/ECF recipients.

I further certify that on December 6, 2019 I served the following non-CM/ECF participants by U.S. Mail as follows:

Andrew Elliott Wilkinson
1430 Pine Tree Drive
Charlotte, North Carolina 28270

*Pro Se Plaintiff*

Place and Hawley LLC
1415 Panther Lane
Naples, FL 34109

*Defendant*

FINRA
c/o Terri Reicher
1735 K Street
Washington, DC 20006

*Defendant*

                                            /s/ *James S. Derrick*
                                            James S. Derrick (N.C. Bar No. 39632)