UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00580-RJC

| | |
|---|---|
| ANDREW ELLIOTT WILKINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO BANK, N.A., WELLS ) <br> FARGO CLEARING SERVICES, LLC, d/b/a ) <br> Wells Fargo Advisors and/or First Clearing, ) <br> ANGIE OSTENDARP, MIKE QUIMBY, ) <br> FINRA, and PLACE AND HANLEY, LLC, ) <br> ) <br> Defendants. ) | ORDER |

**THIS MATTER** comes before the Court on the following motions:

- Defendants Wells Fargo Bank, N.A., Wells Fargo Clearing Services, LLC, Angie Ostendarp, and Mike Quimby's motion to dismiss, (Doc. No. 11);

- Plaintiff's motion to plea for criminal prosecution, (Doc. No. 13);

- Plaintiff's motion for extension of time, (Doc. No. 15);

- Plaintiff's motion to amend, (Doc. No. 19);

- Plaintiff's motion for order to show cause, (Doc. No. 22), and motion for show cause hearing, (Doc. No. 23);

- Plaintiff's motion to serve Sarah Hanley with the complaint, (Doc. No. 28);

- Plaintiff's second motion to amend, (Doc. No. 31);

- Plaintiff's motion to bifurcate, (Doc. No. 32);

- Plaintiff's motion for relief from judgment, (Doc. No. 36);

- Plaintiff's motion to maintain Wells Fargo Advisors and First Clearing as Defendants, (Doc. No. 38);

- Plaintiff's motion for civil investigative demand, (Doc. No. 39); and
- Plaintiff's motion for sanctions, (Doc. No. 46).

## I. BACKGROUND

This is the second action filed by Plaintiff based on the same set of factual allegations. In January 2005, Plaintiff received an inheritance comprised of investments managed by Defendant Wells Fargo Clearing Services, LLC ("WFCS").[1] Plaintiff met with WFCS representatives, including Defendant Angie Ostendarp, a financial advisor who later worked with Plaintiff on his WFCS accounts and investments. On August 12, 2013, WFCS sent a letter to Plaintiff terminating the customer account relationship. The letter was signed by Defendant Mike Quimby, a former WFCS representative.

On July 22, 2015, Plaintiff initiated a proceeding before the Financial Industry Regulatory Authority ("FINRA") against WFCS asserting claims for fraud, unfair or deceptive acts or practices, breach of fiduciary duty, breach of contract, RICO violations, and negligence. In the FINRA proceeding, Plaintiff sought to recover damages from WFCS, Ostendarp, and Quimby, alleging that Plaintiff did not understand how his assets were being invested, did not receive copies of certain documents, became obligated on a loan without his consent, and WFCS did not properly manage his assets. After a July 2016 hearing, a FINRA arbitration panel ordered WFCS to pay Plaintiff $73,784.34 in damages plus attorney's fees.

---

[1] Although Plaintiff named Wells Fargo Advisors and 1st Clearing LLC as defendants, Wells Fargo Advisors and First Clearing are trade names used by WFCS.

On November 1, 2016, Plaintiff filed his pro se complaint against Wells Fargo Advisors, Ostendarp, Quimby, and Andy Tullis (the "First Federal Action"). See Wilkinson v. Wells Fargo Advisors et al., Case No. 3:16-cv-00755. Attached to Plaintiff's complaint was the same set of allegations he submitted to FINRA. On February 15, 2017, the Court entered an order dismissing Plaintiff's complaint in the First Federal Action. The Court noted that Plaintiff failed to state a claim under 42 U.S.C. § 1983 because Plaintiff failed to allege any of the defendants were state actors. The Court further concluded that the remainder of Plaintiff's complaint failed to alert the Court to any potential claim for relief.

On August 1, 2019, Plaintiff filed the instant complaint against Wells Fargo Bank, N.A., WFCS, Ostendarp, Quimby, FINRA, and Place and Hanley, LLC in the Superior Court of Mecklenburg County, North Carolina. Certain Defendants removed the action to the United States District Court for the Western District of North Carolina based on diversity jurisdiction. The complaint is difficult to comprehend and does not identify specific claims. The complaint does state, however, that it is "an amendment AND an addendum to previously filed complaints: Federal Court and FINRA." (Doc. No. 1-1, at 34.) In addition, Plaintiff makes the same allegations that he made in the FINRA proceeding and the First Federal Action, namely: (1) Plaintiff did not understand his investments or conversations with WFCS; (2) Plaintiff did not receive copies of certain documents; (3) Plaintiff became obligated on four loans without his consent; and (4) WFCS mismanaged funds in his investment account.

3

Case 3:19-cv-00580-RJC   Document 56   Filed 05/19/20   Page 3 of 13

On December 6, 2019, Wells Fargo Bank, N.A., WFCS, Ostendarp, and Quimby (the "Wells Fargo Defendants") filed their motion to dismiss pursuant to Rules 8, 10(b), and 12(b)(6). (Doc. No. 11.) In the five-month period since the Wells Fargo Defendants filed their motion to dismiss, Plaintiff has filed twelve different motions.

## II. THE WELLS FARGO DEFENDANTS' MOTION TO DISMISS

### A. Legal Standard

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

At the same time, specific facts are not necessary; the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S.

265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

B.  Discussion

First, the Wells Fargo Defendants argue that Plaintiff's complaint should be dismissed because it is barred by the doctrine of res judicata. The Court agrees.

"Under res judicata principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." Orca Yachts L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002). "[T]he doctrine of res judicata encompasses two concepts: claim preclusion, which bars later litigation of all claims that were actually adjudicated or that could have been adjudicated in an earlier action, and issue preclusion, which bars later litigation of legal and factual issues that were actually and necessarily determined in an earlier action." Covert v. LVNV Funding, LLC, 779 F.3d 242, 246 (4th Cir. 2015) (quotation marks omitted). Res judicata applies equally to final arbitration awards. Watkins v. Duke Med. Ctr., No. 1:13cv1007, 2014 U.S. Dist. LEXIS 125710, at *22 (M.D.N.C. Sept. 9, 2014).

Here, Plaintiff's complaint is based on the same series of transactions and occurrences as his complaint in the First Federal Action and the FINRA arbitration—

5

namely, his dealings with WFCS and its representatives regarding Plaintiff's account and investments. As the claims, allegations, and issues raised in Plaintiff's complaint either were adjudicated or could have been adjudicated in the prior FINRA arbitration and the First Federal Action, Plaintiff's complaint is barred by the doctrine of res judicata.

The Wells Fargo Defendants also argue that Plaintiff's complaint is an impermissible shotgun pleading. The Court agrees that the complaint does not comply with Rule 8 and, thus, dismissal is also warranted on this basis.

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8(d), "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A "shotgun pleading" is one that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading" or one in which "it is virtually impossible to know which allegations of fact are intended to support which claims for relief." SunTrust Mortg., Inc. v. First Residential Mortg. Servs. Corp., No. 3:12cv162, 2012 U.S. Dist. LEXIS 185910, at *18–19 (E.D. Va. Sept. 11, 2012). "Not only do pleadings of this sort fail to apprise the opposing party of the particular claims against it (and the potential extent of its liability), they also water down the rights of parties to have valid claims litigated efficiently and waste scarce judicial resources." Jackson v. Warning, No. 15-1233, 2016 U.S. Dist. LEXIS 172589, at *9–10 (D. Md. Dec. 13, 2016) (quotation marks, citations, and alterations omitted); see also Salami v. JPMorgan Chase Bank, N.A., No. 1:18cv794, 2019 U.S. Dist. LEXIS 102410, at *7

6

n.6 (M.D.N.C. June 19, 2019) ("Courts disfavor [shotgun pleadings] because their sloppiness selfishly wastes judicial resources, making it harder for other plaintiffs with clearly stated claims to present their grievances to a court."). "Although pro se filings are generally afforded charitable construction, they are not absolved from the requirements of Rule 8," and "[p]ro se Complaints marred by shotgun pleading, which renders impossible any attempt to decipher which allegations of fact are intended to support which claims for relief warrant dismissal." McCrea v. Fargo, No. RDB-18-2490, 2019 U.S. Dist. LEXIS 101312, at *18 (D. Md. June 17, 2019) (quotation marks omitted).

Here, Plaintiff's complaint is the quintessential shotgun pleading. Plaintiff complains of a grand criminal scheme, asserting that his rights and the rights of 3.5 million others "must be defended and preserved over the banking industries [sic] communistic criminal capitalistic enterprises." (Doc. No. 1-1, at 13.) The Complaint consists of a series of handwritten and typewritten pages generally asserting that banks, including Wells Fargo, steal money from people, including Plaintiff. Plaintiff also lists numerous civil and criminal statutes that he believes have been violated. Other than stating that "[t]his is a 42USC@1983 [sic] Civil Rights Complaint," "[t]his is a Criminal Complaint," and "[t]his is a Constitutional Complaint," it is entirely unclear what claims Plaintiff attempts to assert, and the Court is unable to discern any potential claims for relief. Accordingly, dismissal of Plaintiff's complaint is also warranted for failure to comply with Rule 8.

Therefore, the Wells Fargo Defendants' motion to dismiss, (Doc. No. 11), is

7

Case 3:19-cv-00580-RJC   Document 56   Filed 05/19/20   Page 7 of 13

granted.

## III. PLAINTIFF'S MOTIONS

Plaintiff has filed a myriad of motions. The Court addresses each in turn.

### A. Motion to Plea for Criminal Prosecution (Doc. No. 13)

Plaintiff seeks the imposition of criminal charges against Defendants. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R. S. v. Richard D., 410 U.S. 614, 619 (U.S. 1973). It necessarily follows that "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990). Accordingly, Plaintiff's motion to plea for criminal prosecution, (Doc. No. 13), is denied.

### B. Motion for Extension of Time (Doc. No. 15)

Plaintiff filed a motion seeking an extension of time to file a response to the Wells Fargo Defendants' motion to dismiss. Plaintiff subsequently filed a response to the motion to dismiss, which the Court considered in ruling on the motion. Therefore, Plaintiff's motion for an extension of time, (Doc. No. 15), is denied as moot.

### C. Motion to Amend (Doc. No. 19)

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, the party may amend the pleading within twenty-one days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). A court may deny a motion to amend based on futility of amendment. Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir.

8

2010). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (alteration in original) (quoting United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008)).

The motion states that Plaintiff "finally found Randall Place" and seeks to include "Defendants previously not served by oversight," including FINRA, Randall Place, and Place and Hanley, LLC. While FINRA and Place and Hanley, LLC were named as original Defendants, Randall Place was not. (Doc. No. 1-1, at 3.) Thus, the Court construes the motion as one to amend the complaint to add Randall Place as a Defendant. Randall Place of Place and Hanley, LLC appears to be the lawyer who represented Plaintiff in the FINRA arbitration. The complaint is devoid of any factual allegations to support a potential claim against Randall Place or Place and Hanley, LLC. Therefore, the Court denies Plaintiff's motion to amend, (Doc. No. 19), as futile.

### D. Motion for Order to Show Cause and Motion for Hearing (Doc. Nos. 22, 23)

Plaintiff's motion for an order to show cause, (Doc. No. 22), contains a 26-page list of state and federal statutes that Plaintiff suspects were violated. Plaintiff appears to seek an order requiring Defendants to produce records. However, Plaintiff has offered no valid authority supporting his right to records from any Defendant.

9

Therefore, Plaintiff's motion for order to show cause, (Doc. No. 22), and his motion for a show cause hearing, (Doc. No. 23), are denied.

### E. Motion to Serve Sarah Hanley with Complaint (Doc. No. 28)

It is unclear what relief Plaintiff seeks through this motion. The motion suggests that Sarah Hanley is Randall Place's wife. Hanley is not a Defendant in this case and there does not appear to be any allegations in the complaint regarding Hanley. Accordingly, Plaintiff's motion to serve Sarah Hanley with the complaint, (Doc. No. 28), is denied.

### F. Second Motion to Amend (Doc. No. 31)

In a second motion to amend, Plaintiff seeks to include WFCS as a Defendant. As stated in footnote 1, supra, Plaintiff named Wells Fargo Advisors and 1st Clearing LLC as Defendants, but those are merely trade names used by WFCS. WFCS appeared in this action and, as discussed above, Plaintiff's complaint as to WFCS is dismissed. Therefore, Plaintiff's second motion to amend, (Doc. No. 31), is denied.

### G. Motion to Bifurcate (Doc. No. 32)

Plaintiff asserts that "[t]he crime was bifurcated, so should be the trial." (Doc. No. 32.) As explained above, the Complaint does not comply with Rule 8 and lacks factual allegations supporting any potential claim for relief. The Wells Fargo Defendants are dismissed from the case, and Plaintiff has stated that he has not served the complaint on FINRA or Place and Hanley, LLC, the remaining two Defendants. Therefore, Plaintiff's motion to bifurcate, (Doc. No. 32), is denied.

### H. Motion for Relief from Judgment (Doc. No. 36)

10

Although unclear, Plaintiff appears to request relief from the judgment in the First Federal Action, entered on February 15, 2017. The record is devoid of any basis warranting relief from any prior judgment or ruling of this Court. Accordingly, Plaintiff's motion for relief from Judgment, (Doc. No. 36), is denied.

### I. Motion to Maintain Wells Fargo Advisors and 1st Clearing LLC as Defendants (Doc. No. 38)

Plaintiff seeks to maintain Wells Fargo Advisors and 1st Clearing LLC as Defendants. Wells Fargo Advisors and First Clearing are trade names used by WFCS, and the Court has already determined that the Complaint must be dismissed as to WFCS. As a result, Plaintiff's motion to maintain Wells Fargo Advisors and 1st Clearing LLC as Defendants, (Doc. No. 38), is denied.

### J. Motion for Civil Investigative Demand (Doc. No. 39)

Plaintiff seeks to initiate a civil investigative demand pursuant to 18 U.S.C. § 1968. Under that statute, only the Attorney General may initiate a civil investigative demand. Therefore, Plaintiff's motion for civil investigative demand, (Doc. No. 39), is denied.

### K. Motion for Sanctions (Doc. No. 46)

Plaintiff moves for sanctions against all Defendants and their counsel under Rule 11. The record is bereft of any evidence to warrant sanctions against any Defendant or attorney in this case. Plaintiff's motion for sanctions, (Doc. No. 46), is denied.

### IV. ORDER TO SHOW CAUSE

11

As discussed above, the Complaint is an impermissible shotgun pleading that fails to comply with Rule 8. In addition, the Complaint lacks factual allegations to support any potential claim for relief. As a result, Plaintiff is hereby ordered to show cause as to why this action should not be dismissed as to the two remaining Defendants, FINRA and Place and Hanley, LLC. Plaintiff shall file a response to that effect within **fourteen (14) days** of the date of this Order. Failure to do so will cause the Court to dismiss this case.

V. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Wells Fargo Defendants' motion to dismiss, (Doc. No. 11), is **GRANTED**, and the Wells Fargo Defendants are dismissed from this action;

2. Plaintiff's motion to plea for criminal prosecution, (Doc. No. 13), is **DENIED**;

3. Plaintiff's motion for extension of time, (Doc. No. 15), is **DENIED as moot**;

4. Plaintiff's motion to amend, (Doc. No. 19), is **DENIED**;

5. Plaintiff's motion for order to show cause, (Doc. No. 22), is **DENIED**;

6. Plaintiff's motion for hearing, (Doc. No. 23), is **DENIED**;

7. Plaintiff's motion to serve Sarah Hanley, (Doc. No. 28), is **DENIED**;

8. Plaintiff's second motion to amend, (Doc. No. 31), is **DENIED**;

9. Plaintiff's motion to bifurcate, (Doc. No. 32), is **DENIED**;

10. Plaintiff's motion for relief from judgment, (Doc. No. 36), is **DENIED**;

11. Plaintiff's motion to maintain Wells Fargo Advisors and 1st Clearing LLC as Defendants, (Doc. No. 38), is **DENIED**;

12. Plaintiff's motion for civil investigative demand, (Doc. No. 39), is **DENIED**;

13. Plaintiff's motion for sanctions, (Doc. No. 46), is **DENIED**; and

14. Within **fourteen (14) days** of the date of this Order, Plaintiff shall file a response showing cause as to why this action should not be dismissed as to FINRA and Place and Hanley, LLC for failure to comply with Rule 8 and failure to state a claim for relief.

Signed: May 19, 2020

Robert J. Conrad, Jr.
United States District Judge