UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00580-RJC

| | |
|---|---|
| ANDREW ELLIOTT WILKINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| WELLS FARGO BANK, N.A., WELLS ) | |
| FARGO CLEARING SERVICES, LLC, d/b/a ) | |
| Wells Fargo Advisors and/or First Clearing, ) | |
| ANGIE OSTENDARP, MIKE QUIMBY, ) | |
| FINRA, and PLACE AND HANLEY, LLC, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Serve Bradshaw Hinson and Robinson, (Doc. No. 51), Motion to Impose Sanctions, (Doc. No. 53); Motion to Compel under Rule 12(b)(6), (Doc. No. 61); Motion to Amend Supplemental Complaint (Doc. No. 67); Motion for Judicial Relief, (Doc. No. 70); Motion to Compel or Alternatively to Stay Arbitration, (Doc. No. 71); Motion to Modify Award, (Doc. No. 72); Defendants' Responses in Opposition to these Motions, (Docs. Nos. 57, 65, 73); Defendants' Motion for a Prefiling Injunction, (Doc. No. 58); Defendants' Memorandum in Support, (Doc. No. 59); Plaintiff's Response to Defendant's Motion for a Prefiling Injunction, (Doc. No. 64); and Defendant's Reply to Plaintiff's Response, (Doc. No. 66).

I. BACKGROUND

This case is the second action filed by Plaintiff based on the same set of factual allegations. In January 2005, Plaintiff received an inheritance comprised of

1

investments managed by Defendant Wells Fargo Clearing Services, LLC ("WFCS").[1] Plaintiff met with WFCS representatives, including Defendant Angie Ostendarp, a financial advisor who later worked with Plaintiff on his WFCS accounts and investments. On August 12, 2013, WFCS sent a letter to Plaintiff terminating the customer account relationship. The letter was signed by Defendant Mike Quimby, a former WFCS representative.

On July 22, 2015, Plaintiff initiated a proceeding before the Financial Industry Regulatory Authority ("FINRA") against WFCS asserting claims for fraud, unfair or deceptive acts or practices, breach of fiduciary duty, breach of contract, RICO violations, and negligence. In the FINRA proceeding, Plaintiff sought to recover damages from WFCS, Ostendarp, and Quimby, alleging that Plaintiff did not understand how his assets were being invested, did not receive copies of certain documents, became obligated on a loan without his consent, and WFCS did not properly manage his assets. After a July 2016 hearing, a FINRA arbitration panel ordered WFCS to pay Plaintiff $73,784.34 in damages plus attorney's fees.

On November 1, 2016, Plaintiff filed his *pro se* complaint against Wells Fargo Advisors, Ostendarp, Quimby, and Andy Tullis (the "First Federal Action"). See Wilkinson v. Wells Fargo Advisors et al., Case No. 3:16-cv-00755. Attached to Plaintiff's complaint was the same set of allegations he submitted to FINRA. On February 15, 2017, the Court entered an order dismissing Plaintiff's complaint in the

---

[1] Although Plaintiff named Wells Fargo Advisors and 1st Clearing LLC as defendants, Wells Fargo Advisors and First Clearing are trade names used by WFCS.

2

First Federal Action. The Court noted that Plaintiff failed to state a claim under 42 U.S.C. § 1983 because Plaintiff failed to allege any of the defendants were state actors. The Court further concluded that the remainder of Plaintiff's complaint failed to alert the Court to any potential claim for relief.

On August 1, 2019, Plaintiff filed the instant complaint against Wells Fargo Bank, N.A., WFCS, Ostendarp, Quimby, FINRA, and Place and Hanley, LLC in the Superior Court of Mecklenburg County, North Carolina. Certain Defendants removed the action to the United States District Court for the Western District of North Carolina based on diversity jurisdiction. The complaint is difficult to comprehend and does not identify specific claims. The complaint does state, however, that it is "an amendment AND an addendum to previously filed complaints: Federal Court and FINRA." (Doc. No. 1-1, at 34.) In addition, Plaintiff makes the same allegations that he made in the FINRA proceeding and the First Federal Action, namely: (1) Plaintiff did not understand his investments or conversations with WFCS; (2) Plaintiff did not receive copies of certain documents; (3) Plaintiff became obligated on four loans without his consent; and (4) WFCS mismanaged funds in his investment account.

On December 6, 2019, Wells Fargo Bank, N.A., WFCS, Ostendarp, and Quimby (the "Wells Fargo Defendants") filed their motion to dismiss pursuant to Rules 8, 10(b), and 12(b)(6). (Doc. No. 11.) In the five-month period after the Wells Fargo Defendants filed their motion to dismiss, Plaintiff filed twelve different motions. This Court granted the Wells Fargo Defendants' Motion to Dismiss because Plaintiff's

3

claims were barred by res judicata, having been settled in a prior case. (Doc. No. 56.)

After this Court dismissed the claims against the Wells Fargo Defendants, Plaintiff filed another series of motions. (Docs. Nos. 61, 67, 70, 71, 71; see also Docs. Nos. 51, 53.) These motions, too, are difficult to follow and often seek to relitigate claims that have already been dismissed or regurgitate arguments outlined in the Complaint. They are also primarily aimed at the already-dismissed Wells Fargo Defendants.

In response to Plaintiff's repeated filings throughout this case and in previous cases, the Wells Fargo Defendants have filed a Motion Seeking a Prefiling Injunction. (Docs. Nos. 58, 59.) Defendants seek an injunction prohibiting Plaintiff, or anyone acting on his behalf, from filing any document or new action in any court relating to the Wells Fargo Defendants and any claims related to the previously-dismissed federal action unless a) Plaintiff obtains prior authorization from this court, or b) Plaintiff obtains a signed certification from a licensed attorney that the proposed filing complies with Rule 11, is not based on the subject matter underlying this lawsuit, and does not violate the injunction. (Doc. No. 58.) Plaintiff filed a response to this motion that largely reiterated his prior claims, sought to compel production from Defendants, and accused Plaintiff's motion of constituting "criminal capitalistic communism." (Doc. No. 64.) Wells Fargo Defendants replied in opposition, arguing that Plaintiff had not addressed the substance of Defendants' motion. (Doc. No. 66.)

## II. PLAINTIFF'S MOTIONS

Plaintiff has filed numerous motions. The Court addresses each in turn:

4

### A. Motion to Amend, and Motion to Serve Bradshaw Hinson and Robinson (Docs. Nos. 51, 67)

While one of the motions is difficult to discern, it appears that Plaintiff filed two motions seeking to Amend his Complaint. (Docs. Nos. 51, 67.) Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, the party may amend the pleading within twenty-one days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). A court may deny a motion to amend based on futility of amendment. Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (alteration in original) (quoting United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008)).

In one motion, Plaintiff renounces his inheritance with regard to the estate of Thomas Harvey Wilkinson, Jr., argues that the dismissed Wells Fargo Defendants "maligned and mismanaged" the estate, and reiterates other claims from the Complaint. (Doc. No. 67.) The proposed amendments appear to either regurgitate arguments from the Complaint, or else are aimed at Defendants who were already dismissed from this lawsuit. The other Motion to Amend appears to serve more as

5

notice that Plaintiff will in the future seek to amend the Complaint, but does not advance a substantive amendment. (Doc. No. 51.) Therefore, the Court denies both of Plaintiff's motions to amend, (Docs. No. 51, 67), as futile.

### B. Motion for Sanctions (Doc. No. 53)

Plaintiff moves for sanctions against Defendants and their counsel under Rule 11 without explanation. (Doc. No. 53.) The record is bereft of any evidence to warrant sanctions against any Defendant or attorney in this case. Plaintiff's motion for sanctions, (Doc. No. 53), is denied.

### C. Motion to Compel under Rule 12(b)(6), and Motion to Compel or Alternatively to Stay Arbitration (Docs. Nos. 61, 71)

Plaintiff filed two motions that appear to seek an order requiring Defendants to produce records, one of which also seeks to force Defendants to prove the existence of an arbitration agreement. (Docs. Nos. 61, 71.) However, Plaintiff has offered no valid authority supporting his right to records from any Defendant, nor from any prior Defendant who has been dismissed from the case. Furthermore, this Court has previously ruled that Plaintiff's other assertions in these two motions are settled under res judicata. (Doc. No. 56.) Therefore, Plaintiff's Motions to Compel are denied.

### D. Motion for Judicial Relief (Doc. No. 70)

Although unclear, Plaintiff appears to request judicial relief, and alleges that Wells Fargo's counsel perpetrated fraud, as did potentially all Defendants. (Doc. No. 70.) The record is devoid of any basis warranting Defendant's requested judicial relief. Accordingly, Plaintiff's motion for relief from Judgment, (Doc. No. 70), is denied.

### E. Motion to Modify Award (Doc. No. 72)

Plaintiff seeks to maintain Wells Fargo Defendants as Defendants, despite his claims against them having been dismissed. The Court has already determined that the Complaint must be dismissed as to the Wells Fargo Defendants, and sees no reason in Plaintiff's filings to reconsider. As a result, Plaintiff's motion to Modify the Award, (Doc. No. 72), is denied.

## III. DEFENDANTS' MOTION FOR PREFILING INJUNCTION

The Wells Fargo Defendants seek "a prefiling injunction prohibiting Mr. Wilkinson, or anyone acting on his behalf, from filing any document or new action in any state or federal court relating to (1) the Moving Defendants (or any of their past, present, or future affiliates, subsidiaries, or trade names or any officers, directors, shareholders, employees, representatives, agents, or attorneys for such entities, including but not limited to Ms. Ostendarp, Mr. Quimby, Demian Betz, undersigned counsel, Womble Bond Dickinson (US) LLP, and Robinson, Bradshaw & Hinson, P.A.) *and* (2) any of the claims, theories, allegations, or circumstances at issue in this action or Mr. Wilkinson's previously dismissed federal court action *unless* Mr. Wilkinson has obtained prior authorization from this Court or, alternatively, a signed certification from a licensed attorney that the proposed filing does not violate the requested prefiling injunction order, complies with Rule 11, and is not based on the claims, theories, or circumstances underlying this lawsuit or Mr. Wilkinson's prior actions." (Doc. No. 58 at 1–2.)

When determining whether to issue a prefiling injunction, the Court must

7

consider all of the relevant circumstances. Courts have noted four factors in particular to consider: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004). If the judge does determine that a prefiling injunction is warranted after weighing the relevant factors, the judge still "must ensure that the injunction is narrowly tailored to fit the special circumstances at issue." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir.1996) (internal citation and quotation omitted). "While a separate hearing or opportunity to be heard is not usually required before imposing Rule 11 sanctions, Green v. Foley, 907 F.2d 1137 (4th Cir. 1990), a court 'must afford a litigant notice and an opportunity to be heard' before issuing a prefiling injunction against him." Johnson v. EEOC Charlotte Dist. Off., No. 315CV00148RJCDSC, 2016 WL 3514456, at *2 (W.D.N.C. June 27, 2016), aff'd sub nom. Johnson v. Keith Hawthorne Hyundai, 665 F. App'x 310 (4th Cir. 2016) (quoting Cromer, 390 F.3d at 819)).

After a review of the record – notably, Plaintiff's innumerable filings against Defendants who have already been dismissed from the case based on res judicata – this Court is mindful that Plaintiff's filings appear at first glance to constitute

repeated and meritless harassment of the Wells Fargo Defendants. However, given the severity of a pre-filing injunction, Plaintiff must be offered an opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. See Black v. New Jersey, No. 7:IO-CV-57-F, 2011 WL 102727 at *1 (E.D.N.C. Jan. 11, 2011) (Before imposing a pre-filing injunction, "the litigant must be given notice and an opportunity to be heard on the matter."). This Court will therefore provide Plaintiff fourteen (14) days to in which to file a response showing cause as to why he should not be subject to such an injunction. This Court will weigh the Cromer factors and make a determination about such a pre-filing injunction after this deadline passes.

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Serve Bradshaw Hinson and Robinson, (Doc. No. 51), is **DENIED**;

2. Plaintiff's Motion to Impose Sanctions, (Doc. No. 53), is **DENIED**;

3. Plaintiff's Motion to Compel under Rule 12(b)(6), (Doc. No. 61), is **DENIED**;

4. Plaintiff's Motion to Amend Supplemental Complaint (Doc. No. 67), is **DENIED**;

5. Plaintiff's Motion for Judicial Relief, (Doc. No. 70), is **DENIED**;

6. Plaintiff's Motion to Compel or Alternatively to Stay Arbitration, (Doc. No. 71), is **DENIED**;

7. Plaintiff's Motion to Modify Award, (Doc. No. 72), is **DENIED**;

8. It is **ORDERED** that <u>within fourteen (14) days</u> of the date of this Order, <u>Plaintiff shall file a response</u> showing cause as to why he should not be subject to an injunction prohibiting him, or anyone acting on his behalf, from filing any document or new action in any state or federal court relating to the Wells Fargo Defendants (broadly construed) and the underlying substance of the actions Plaintiff has filed against them, unless Plaintiff has either obtained prior authorization from this Court or a signed certification from a licensed attorney that the proposed filing does not violate such a prefiling injunction, complies with Rule 11, and is not based on underlying substance of Plaintiff's prior actions against the Wells Fargo Defendants;

   i. For the purposes of this order, the underlying substance of the claims Plaintiff has previously filed against the Wells Fargo Defendants includes, but is not limited to:

      1. alleged violations of Plaintiff's constitutional rights relating to his commercial relationship with any of the Wells Fargo Defendants;

      2. allegations that Plaintiff did not receive copies of certain contracts or other documents pertaining to Mr. Wilkinson's relationship with any of the Wells Fargo Defendants;

      3. allegations that Plaintiff was put in loans without his

knowledge or consent, causing him to suffer financial loss;

4. allegations that any of the Wells Fargo Defendants mismanaged the funds in Plaintiff's investment account; and

5. allegations that any of the Wells Fargo Defendants attempted to steal or otherwise deprive Mr. Wilkinson of his assets;

ii. Plaintiff is cautioned that the <u>failure to show cause by fourteen (14) days of the date of this Order will subject Plaintiff to a prefiling injunction</u> as set forth above; and

9. The Court will **RESERVE RULING** on Defendants' Motion for a Prefiling Injunction, (Doc. No. 58), until such time as Plaintiff has responded to this Order or fourteen (14) days have elapsed, whichever is sooner.

**SO ORDERED.**

Signed: March 10, 2021

Robert J. Conrad, Jr.
United States District Judge