UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00580-RJC

| | |
|---|---|
| ANDREW ELLIOTT WILKINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO BANK, N.A., WELLS ) <br> FARGO CLEARING SERVICES, LLC, d/b/a ) <br> Wells Fargo Advisors and/or First Clearing, ) <br> ANGIE OSTENDARP, MIKE QUIMBY, ) <br> FINRA, and PLACE AND HANLEY, LLC, ) <br> ) <br> Defendants. ) | **ORDER** |

**THIS MATTER** comes before the Court on Wells Fargo Defendants' Motion for a Prefiling Injunction, (Doc. No. 58); Wells Fargo Defendants' Memorandum in Support, (Doc. No. 59); Plaintiff's Response to Defendant's Motion for a Prefiling Injunction, (Doc. No. 64); Wells Fargo Defendant's Reply to Plaintiff's Response, (Doc. No. 66); and Plaintiff's Motion for Extension of Time, (Doc. No. 76). The Court issued an Order that Plaintiff show cause as to why a prefiling injunction should not be issued against him within fourteen days, (Doc. No. 75), and Plaintiff did not respond within the required time period. This issue is therefore ripe for adjudication.

I. BACKGROUND

This case is the second action filed by Plaintiff based on the same set of factual allegations. In January 2005, Plaintiff received an inheritance comprised of

1

investments managed by Defendant Wells Fargo Clearing Services, LLC ("WFCS").[1] Plaintiff met with WFCS representatives, including Defendant Angie Ostendarp, a financial advisor who later worked with Plaintiff on his WFCS accounts and investments. On August 12, 2013, WFCS sent a letter to Plaintiff terminating the customer account relationship. The letter was signed by Defendant Mike Quimby, a former WFCS representative.

On July 22, 2015, Plaintiff initiated a proceeding before the Financial Industry Regulatory Authority ("FINRA") against WFCS asserting claims for fraud, unfair or deceptive acts or practices, breach of fiduciary duty, breach of contract, RICO violations, and negligence. In the FINRA proceeding, Plaintiff sought to recover damages from WFCS, Ostendarp, and Quimby, alleging that Plaintiff did not understand how his assets were being invested, did not receive copies of certain documents, became obligated on a loan without his consent, and WFCS did not properly manage his assets. After a July 2016 hearing, a FINRA arbitration panel ordered WFCS to pay Plaintiff $73,784.34 in damages plus attorney's fees.

On November 1, 2016, Plaintiff filed his *pro se* complaint against Wells Fargo Advisors, Ostendarp, Quimby, and Andy Tullis (the "First Federal Action" against "Wells Fargo Defendants"). See Wilkinson v. Wells Fargo Advisors et al., Case No. 3:16-cv-00755. Attached to Plaintiff's complaint was the same set of allegations he submitted to FINRA. On February 15, 2017, the Court entered an order dismissing

---

[1] Although Plaintiff named Wells Fargo Advisors and 1st Clearing LLC as defendants, Wells Fargo Advisors and First Clearing are trade names used by WFCS.

Plaintiff's complaint in the First Federal Action for failure to state a claim.

On August 1, 2019, Plaintiff filed the instant complaint against Wells Fargo Bank, N.A., WFCS, Ostendarp, Quimby, FINRA, and Place and Hanley, LLC in the Superior Court of Mecklenburg County, North Carolina. (Doc. No. 1-1.) Certain Defendants removed the action to the United States District Court for the Western District of North Carolina based on diversity jurisdiction. The complaint is difficult to comprehend and does not identify specific claims, and to the extent that it can be understood, it appears Plaintiff makes the same allegations that he made in the FINRA proceeding and the First Federal Action, namely: (1) Plaintiff did not understand his investments or conversations with WFCS; (2) Plaintiff did not receive copies of certain documents; (3) Plaintiff became obligated on four loans without his consent; and (4) WFCS mismanaged funds in his investment account.

In the five-month period after the Wells Fargo Defendants filed their subsequent motion to dismiss, Plaintiff filed twelve different motions. (Docs. Nos. 19, 22, 23, 28, 31, 32, 36, 38, 39, 46, 51, 53.) This Court granted the Wells Fargo Defendants' Motion to Dismiss because Plaintiff's claims were barred by res judicata, having been settled in a prior case. (Doc. No. 56.) Plaintiff then filed another series of motions. (Docs. Nos. 61, 67, 70, 71, 71; see also Docs. Nos. 51, 53.) These motions, too, are difficult to follow and often seek to relitigate claims that have already been dismissed or regurgitate arguments outlined in the Complaint. They are also primarily aimed at the already-dismissed Wells Fargo Defendants.

In response to Plaintiff's repeated filings throughout this case and in previous

cases, the Wells Fargo Defendants have filed a Motion Seeking a Prefiling Injunction. (Docs. Nos. 58, 59.) The motion requests an injunction prohibiting Plaintiff, or anyone acting on his behalf, from filing any document or new action in any court relating to the Wells Fargo Defendants and any claims related to the previously-dismissed federal action unless a) Plaintiff obtains prior authorization from this court, or b) Plaintiff obtains a signed certification from a licensed attorney that the proposed filing complies with Rule 11, is not based on the subject matter underlying this lawsuit, and does not violate the injunction. (Doc. No. 58.) Plaintiff filed a response to this motion that largely reiterated his prior claims, sought to compel production from Defendants, and accused Plaintiff's motion of constituting "criminal capitalistic communism." (Doc. No. 64.)

On March 10, 2021, this Court denied Plaintiffs' motions and ordered that Plaintiff file a response within fourteen days showing why he should not be subject to a prefiling injunction. (Doc. No. 75.) The Court reserved ruling on Defendants' Motion for Prefiling Injunction, (Doc. No. 58), until the Plaintiff filed a response or the fourteen days elapsed. The Court informed the Plaintiff that "<u>failure to show cause by fourteen (14) days of the date of this Order will subject Plaintiff to a prefiling injunction</u>" with a detailed description of the potential injunction. (Doc. No. 75 at 10–11.) Plaintiff did not file such a response within the fourteen allotted days.

## II. DISCUSSION

The Wells Fargo Defendants seek "a prefiling injunction prohibiting Mr. Wilkinson, or anyone acting on his behalf, from filing any document or new action in

4

any state or federal court relating to (1) the Moving Defendants (or any of their past, present, or future affiliates, subsidiaries, or trade names or any officers, directors, shareholders, employees, representatives, agents, or attorneys for such entities, including but not limited to Ms. Ostendarp, Mr. Quimby, Demian Betz, undersigned counsel, Womble Bond Dickinson (US) LLP, and Robinson, Bradshaw & Hinson, P.A.) *and* (2) any of the claims, theories, allegations, or circumstances at issue in this action or Mr. Wilkinson's previously dismissed federal court action *unless* Mr. Wilkinson has obtained prior authorization from this Court or, alternatively, a signed certification from a licensed attorney that the proposed filing does not violate the requested prefiling injunction order, complies with Rule 11, and is not based on the claims, theories, or circumstances underlying this lawsuit or Mr. Wilkinson's prior actions." (Doc. No. 58 at 1–2.)

When determining whether to issue a prefiling injunction, the Court must consider all relevant circumstances. Courts have noted four factors in particular to consider: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004). If the judge does determine that a prefiling injunction is warranted after weighing the relevant factors, the judge still "must ensure that the injunction is narrowly tailored to fit the special circumstances at issue." Id.

5

"Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir.1996) (internal citation and quotation omitted). "While a separate hearing or opportunity to be heard is not usually required before imposing Rule 11 sanctions, Green v. Foley, 907 F.2d 1137 (4th Cir. 1990), a court 'must afford a litigant notice and an opportunity to be heard' before issuing a prefiling injunction against him." Johnson v. EEOC Charlotte Dist. Off., No. 315CV00148RJCDSC, 2016 WL 3514456, at *2 (W.D.N.C. June 27, 2016), aff'd sub nom. Johnson v. Keith Hawthorne Hyundai, 665 F. App'x 310 (4th Cir. 2016) (quoting Cromer, 390 F.3d at 819)).

After a review of the record – notably, Plaintiff's numerous filings against Defendants who have already been dismissed from the case based on res judicata – this Court previously noted that it was "mindful that Plaintiff's filings appear at first glance to constitute repeated and meritless harassment of the Wells Fargo Defendants," and provided Plaintiff with an opportunity to respond. (Doc. No. 75 at 8–9, citing Black v. New Jersey, No. 7:IO-CV-57-F, 2011 WL 102727 at *1 (E.D.N.C. Jan. 11, 2011) (Before imposing a pre-filing injunction, "the litigant must be given notice and an opportunity to be heard on the matter.")). The Court warned the Plaintiff that he would be subject to a prefiling injunction if he did not respond. (Doc. No. 75 at 11.)

Plaintiff did not respond within the required fourteen days. After this time period elapsed, Plaintiff filed a Motion for Extension of Time to respond to the Show

6

Cause Order. (Doc. No. 76.) In his motion, Plaintiff seeks more time specifically to put together an additional series of complaints against the Wells Fargo Defendants. (Doc. No. 76 at 2–4) (listing nine claims the Plaintiff wishes to file against Wells Fargo Defendants, and stating "[t]his case serves as an excellent example of the Treason and Conspiracy 'THE WELLS FARGO MACHINE' has perpetrated <u>upon</u> the 3.5 million people"). The response Plaintiff belatedly seeks to file does not address the requirements of the Show Cause Order, and indeed, if anything provide further evidence than Plaintiff intends to continue filing grievances against the Wells Fargo Defendants even when they are not parties to the case. The Court will therefore <u>deny</u> Plaintiff's Motion for Extension.

The Court turns now the question of a prefiling injunction. This Order has already outlined Plaintiff's history of filings against the Wells Fargo Defendants in this judicial District and elsewhere, which reflects a lack of respect for the judicial process. Plaintiff lacked a good faith basis for submitting most of his motions and other writings in this case. Plaintiff has repeatedly filed meritless motions against the Wells Fargo Defendants, including after they became non-parties to the case. These filings have caused the Court and the other parties to expend considerable resources. To the extent that Plaintiff has addressed the possibility of a prefiling injunction, he referred to Defendants' motion as being "criminal capitalistic communism" and largely reiterated his outstanding claims, suggesting an intention to continue such filings. (Docs. Nos. 64, 64-1.) Plaintiff then failed to respond in time to the Court's warning that he is subject to a prefiling injunction, (Doc. No. 75 at 11),

7

and when he did seek an extension of time to respond after the deadline, did not address the issues raised by the Order. (Doc. No. 76.) Given these facts and the case's procedural history, this Court will now evaluate the question of a prefiling injunction under the four Cromer factors.

The first Cromer factor is the party's history of litigation, and in particular whether he has filed vexatious, harassing, or duplicative lawsuits. Cromer, 390 F.3d at 818. Plaintiff was involved in arbitration, and also previously filed a lawsuit against the Wells Fargo Defendants on the same grounds as this lawsuit. (Compare Wilkinson v. Wells Fargo Advisors et al., Case No. 3:16-cv-00755, with Doc. No. 1-1 at 34 ("This complaint is an amendment AND an addendum to previously filed complaints"). Furthermore, Plaintiff's actions within this lawsuit show that he is inclined to repetitive and frivolous filings that constitute harassment rather than legitimate legal claims. This factor weighs heavily in favor of a prefiling injunction.

The second Cromer factor is whether the Plaintiff has a good faith basis for pursuing the litigation, or whether he simply intends to harass. Cromer, 390 F.3d at 818. Here, Plaintiff's prior similar lawsuit was dismissed for failure to state a claim on several grounds. (Wilkinson v. Wells Fargo Advisors et al., Case No. 3:16-cv-00755, Doc. No. 14 at 2.) Plaintiff filed this lawsuit as an explicit attempt to amend the errors of the prior lawsuit, yet has had his claims dismissed against Wells Fargo Defendants again, and the Court has had to deny all nineteen of Plaintiff's motions so far in this case. (Doc. No. 1-1 at 34; Doc. No. 56; Doc. No. 75.) Plaintiff nonetheless has even continued filing against Wells Fargo Defendants after they were dismissed

from the case. Plaintiff's pursuit and method of this litigation against the Wells Fargo Defendants therefore does not demonstrate a good faith basis and instead constitutes harassment. The second factor weighs heavily in favor of a prefiling injunction.

The third <u>Cromer</u> factor is the extent of the burden on the courts and other parties resulting from the party's filings. <u>Cromer</u>, 390 F.3d at 818. Due to Plaintiff's repeated meritless and repetitive filings, upon which this Court has had to spend significant resources and to which the Wells Fargo Defendants have repeatedly responded even after being dismissed from the case, this factor weighs heavily in favor of a prefiling injunction.

The fourth and final <u>Cromer</u> factor is the adequacy of alternative sanctions. <u>Cromer</u>, 390 F.3d at 818. The Court has considered the adequacy of alternative sanctions and concludes that a prefiling injunction is warranted. Plaintiff has indicated his intention to continue filing frivolous and harassing motions and actions against the Wells Fargo Defendants, including stating that he "will NOT STOP," (Doc. No. 21-1 at 9), and asking the court to "[p]lease understand, I <u>will</u> pursue this matter until my dying day if necessary." (Doc. No. 13 at 2.) Despite having had his prior case dismissed, and his motions all denied, Plaintiff continues to file these motions against Wells Fargo Defendants. Plaintiff has also shown less than a rigid adherence to Court orders, filing repeatedly against the Wells Fargo Defendants after they were dismissed, declining to respond to the Court's Order to Show Cause before the deadline, and seeking an extension to file a response that simply adds additional claims against the since-dismissed Wells Fargo Defendants. Based upon these

9

circumstances, the Court concludes that Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system. The fourth Cromer factor therefore weighs in favor of a prefiling injunction.

After an examination of the four Cromer factors, all of which weigh in favor of a prefiling injunction, this Court has determined that a prefiling injunction is warranted. Plaintiff was given notice and an opportunity to be heard on the matter but did not reply before the deadline. This Court finds that "Plaintiff's vexatious litigation is likely to continue and that he is likely to continue abusing the judicial process and harassing other parties. Consequently, the Court finds that exigent circumstances exist, and only sanctions that include a prefiling injunction will adequately protect the judicial process and other parties from Plaintiff's continued improper conduct." Johnson v. EEOC Charlotte Dist. Off., No. 315CV00148RJCDSC, 2016 WL 3514456, at *5 (W.D.N.C. June 27, 2016), aff'd sub nom. Johnson v. Keith Hawthorne Hyundai, 665 F. App'x 310 (4th Cir. 2016). Having so decided, the Court must now "ensure that the injunction is narrowly tailored to fit the special circumstances at issue." Cromer, 390 F.3d at 818. Plaintiff has demonstrated a tendency to file meritless and harassing motions against Wells Fargo Defendants, yet must be allowed to file such motions and actions when merited.

Therefore, the Court will enter an order prohibiting Plaintiff, or anyone acting on his behalf, from filing any document or new action in any state or federal court (excepting only a notice of appeal from this Order) relating to the Wells Fargo Defendants and the underlying substance of the actions Plaintiff has filed against

them, unless Plaintiff has obtained either a) prior authorization from this Court or b) a signed certification from a licensed attorney that the proposed filing does not violate such a prefiling injunction, complies with Rule 11, and is not based on underlying substance of Plaintiff's prior actions against the Wells Fargo Defendants. Such an order will prevent Plaintiff from filing repetitive and harassing actions against the Wells Fargo Defendants, against whom he has repeatedly so acted, while simultaneously preserving Plaintiff's ability to litigate any legitimate claims he might have.

This injunction is not a ban on Plaintiff's right to file additional documents or motions. Instead, it is a narrowly-tailored remedy to address Plaintiff's specific abuse of the judicial process, while maintaining Plaintiff's ability to participate within that process without harassing the Wells Fargo Defendants. Plaintiff will be allowed to continue to file such motions and actions upon review of this Court or a licensed attorney, and will be allowed to file motions and actions against other entities without such review.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for an Extension of Time, (Doc. No. 76), is **DENIED**;

2. Defendants' Motion for a Prefiling Injunction, (Doc. No. 58), is **GRANTED**; and

3. Plaintiff, and anyone acting on his behalf, is hereby **ENJOINED** from filing any document or new action in any state or federal court

11

(excepting only any notice of appeal of this Order) relating to the Wells Fargo Defendants, broadly construed, and the underlying substance of the actions Plaintiff has filed against them, unless Plaintiff has obtained either a) prior authorization from this Court or b) a signed certification from a licensed attorney that the proposed filing does not violate such a prefiling injunction, complies with Rule 11, and is not based on underlying substance of Plaintiff's prior actions against the Wells Fargo Defendants;

- i. For the purposes of this order, the underlying substance of the claims Plaintiff has previously filed against the Wells Fargo Defendants includes, but is not limited to:
    1. alleged violations of Plaintiff's constitutional rights relating to his commercial relationship with any of the Wells Fargo Defendants;
    2. allegations that Plaintiff did not receive copies of certain contracts or other documents pertaining to Mr. Wilkinson's relationship with any of the Wells Fargo Defendants;
    3. allegations that Plaintiff was put in loans without his knowledge or consent, causing him to suffer financial loss;
    4. allegations that any of the Wells Fargo Defendants mismanaged the funds in Plaintiff's investment account; and

        5. allegations that any of the Wells Fargo Defendants attempted to steal or otherwise deprive Mr. Wilkinson of his assets; and

4. Plaintiff is cautioned that violations of the injunctive provision of this Order may constitute contempt of court and be subject to civil and criminal penalties, including imprisonment.

**SO ORDERED**.

Signed: March 26, 2021

Robert J. Conrad, Jr.
United States District Judge