UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00580-RJC

| ANDREW ELLIOTT WILKINSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **Order** |
| WELLS FARGO BANK, N.A., WELLS FARGO CLEARING SERVICES, LLC, FINRA, ANGIE OSTENDARP, PLACE AND HANLEY, LLC, AND MIKE QUIMBY, | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's "Rule 60 b3, c1 Motion for all documentation from Case 3:16cv000755 be admitted in Courtroom for Case 3:19cv00580 sealed and otherwise" (Doc. No. 78), Plaintiff's "Motion for Rule60 b3, c1 2nd demand for all previously requested, required, and demanded paperwork" (Doc. No.79), and the Court's own motion. For the reasons stated herein, Plaintiff's Motions (Doc. Nos. 78-79) are **DENIED**, and the Court hereby orders the Plaintiff's Complaint be **DISMISSED**.

**I. BACKGROUND**

This is the second action filed by Plaintiff in this Court based on the same set of factual allegations. In January 2005, Plaintiff received an inheritance comprised of investments managed by Defendant Wells Fargo Clearing Services, LLC ("WFCS").[1] Plaintiff met with WFCS representatives, including Defendant Angie Ostendarp, a financial advisor who later worked with Plaintiff on his WFCS accounts and investments. On August 12, 2013, WFCS sent a letter to

---

[1] Although Plaintiff named Wells Fargo Advisors and 1st Clearing LLC as defendants, Wells Fargo Advisors and First Clearing are trade names used by WFCS.

Plaintiff terminating the customer account relationship. The letter was signed by Defendant Mike Quimby, a former WFCS representative.

On July 22, 2015, Plaintiff initiated a proceeding before the Financial Industry Regulatory Authority ("FINRA") against WFCS asserting claims for fraud, unfair or deceptive acts or practices, breach of fiduciary duty, breach of contract, RICO violations, and negligence. In the FINRA proceeding, Plaintiff sought to recover damages from WFCS, Ostendarp, and Quimby, alleging that Plaintiff did not understand how his assets were being invested, did not receive copies of certain documents, became obligated on a loan without his consent, and WFCS did not properly manage his assets. After a July 2016 hearing, a FINRA arbitration panel ordered WFCS to pay Plaintiff $73,784.34 in damages plus attorney's fees.

On November 1, 2016, Plaintiff filed his *pro se* complaint against Wells Fargo Advisors, Ostendarp, Quimby, and Andy Tullis (the "First Federal Action" against "Wells Fargo Defendants"). *See Wilkinson v. Wells Fargo Advisors et al.*, Case No. 3:16-cv-00755. Attached to Plaintiff's complaint was the same set of allegations he submitted to FINRA. On February 15, 2017, the Court entered an order dismissing Plaintiff's complaint in the First Federal Action for failure to state a claim.

On August 1, 2019, Plaintiff filed the instant Complaint against Wells Fargo Bank, N.A., WFCS, Ostendarp, Quimby, FINRA, and Place and Hanley, LLC in the Superior Court of Mecklenburg County, North Carolina. (Doc. No. 1-1.) Thereafter, the action was removed to this Court. (Doc. No. 1). The Complaint is difficult to comprehend and does not identify specific claims, and to the extent that it can be understood, it appears Plaintiff makes the same allegations that he made in the FINRA proceeding and the First Federal Action.

2

Case 3:19-cv-00580-RJC   Document 81   Filed 01/03/22   Page 2 of 8

The Wells Fargo Defendants filed a motion to dismiss, which the Court granted (the "Dismissal Order"). (Doc. No. 56). First, the Court concluded Plaintiff's Complaint was barred by the doctrine of res judicata. (Doc. No. 56 at 5-6). Second, the Court determined that the Plaintiff's Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and was subject to dismissal. (*Id.* at 6-7) ("Here, Plaintiff's complaint is the quintessential shotgun pleading."). In the five-month period after the Wells Fargo Defendants filed their motion to dismiss, Plaintiff filed twelve different motions, which the Court also denied. Finally, the Court ordered Plaintiff to show cause as to why the action should not be dismissed as to the two remaining Defendants, FINRA and Place and Hanley, LLC. (Doc. No. 56 at 11-12).

Plaintiff then filed a response to the show cause order and another series of documents and motions that were difficult to follow but appeared largely sought to relitigate the same arguments and claims already dismissed. (Docs. Nos. 60-63, 67, 70, 71-72). In response to Plaintiff's repeated filings throughout this case and in previous cases, the Wells Fargo Defendants filed a Motion Seeking a Prefiling Injunction. (Docs. Nos. 58, 59). The Court again denied Plaintiff's second round of motions and ordered that Plaintiff file a response showing why he should not be subject to a prefiling injunction. (Doc. No. 75). Plaintiff did not file a timely response, after which the Court considered the four factors set forth in *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004), and on March 26, 2021, entered a narrowly tailored prefiling injunction (the "Prefiling Injunction Order"). (Doc. No. 77).

Following the Court's Prefiling Injunction Order, on May 18, 2021, Plaintiff filed two new motions, currently before the Court (the "Motions"). (Doc. Nos. 78-79). The Motions, like earlier motions filed by Plaintiff are difficult to follow. They reference the Prefiling Injunction Order and

3

object to dismissal. They also request documents from Plaintiff's prior case before this Court to be consolidated with this case and "demand paperwork."

## II. STANDARD OF REVIEW

Rule 60 permits a court to provide relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Rule 60(b) is an "extraordinary" remedy which sets aside "the sanctity of [a] final judgment." *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted).

## III. DISCUSSION

### A. Plaintiff's Rule 60 Motions

The Motions are unclear as to which Order the Plaintiff requests relief, and appear to reference both the Court's Dismissal Order and Prefiling Injunction Order. In either case, the

Motions fail to show any legitimate circumstances by which the Court should grant relief.[2] First, the Motions continue to rehash the same arguments and relitigate the same issues already decided by this Court. Plaintiff continues to complain of a grand criminal scheme by the banking industry violating his and millions of others' rights, but fails present any cognizable claims for relief. (Doc. No. 78, at 11). For the reasons set forth in this Court's Dismissal Order, Plaintiff is not entitled to relief from the Dismissal Order. His claims are barred by res judicata and, in any event, Plaintiff's arguments still fail to discern any potential claims for which this Court may grant relief.

Next, to the extent Plaintiff seeks relief form the Prefiling Injunction Order, the request is denied. Plaintiff's Motions states the Court "threaten[ed] [Plaintiff] with imprisonment for standing up for [his] rights." To the contrary, the Court, after a multitude of futile motions, carefully weighed the relevant factors dictated by the Fourth Circuit to determine whether a prefiling injunction was appropriate. Based on this careful analysis, the Court entered a narrowly-tailored prefiling injunction due to Plaintiff's continued actions against the Wells Fargo Defendants. As with any of this Court's Orders, failure to comply with the Prefiling Injunction Order may result in contempt and subject to civil and criminal penalties. Again, the Plaintiff has not presented sufficient reason by which the Court should grant relief, and Plaintiff's request is denied.

Finally, to the extent Plaintiff seeks consolidation or documents to be admitted from his prior case, case number 3:16cv000755, or otherwise demands documents or "paperwork," his

---

[2] The Motions also cite the Rule 15(a) standard for Complaint amendments. To the extent Plaintiff seeks to amend his Complaint, the request is denied. For the same reasons as discussed in detail in the Court's Dismissal Order, Plaintiff's attempt to amend the Complaint, based on the same arguments as his original Complaint and prior motions, would be futile.

5

request is without merit and denied. As discussed above, and will be discussed below, Plaintiff's Complaint is meritless and therefore these requests are futile.

### B. The Court's Own Motion

A court is empowered to dismiss a case *sua sponte* under Rule 12(b) where the plaintiff has clearly failed to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *Grier v. United States*, 57 F.3d 1066 (4th Cir. 1995) (noting that, when it is clear as a matter of law that no relief could be granted under any set of facts, the court is warranted in either granting a motion to dismiss for failure to state a claim or ordering dismissal *sua sponte* under Rule 12(b)(6)) (unpublished); *Allran v. New York Fed. Reserve Bank*, 2010 WL 2163281 (W.D.N.C. May 27, 2010) (dismissing complaint with prejudice under Rule 12(b)(6) where his claims that a conspiracy by defendants to establish a "New World Order" for the purpose of perpetrating an "evil scheme to rule the world [and] engage in intentional, evil, sinful, unlawful and deceitful acts" fail to state a claim upon which relief can be based), *aff'd Allran v. Wells Fargo*, 424 Fed. Appx. 198 (4th Cir. 2011). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an indisputedly meritless legal theory and including claims of infringement of a legal interest which clearly does not exist" (quotations omitted)).

On May 19, 2020, the Court's Dismissal Order also ordered Plaintiff to show cause why the case as to the remaining Defendants, FINRA and Place and Hanley, LLC should not be dismissed. (Doc. No. 56 at 12). Plaintiff responded, but failed to present a valid reason why the Complaint should not be dismissed. Moreover, as discussed in the Court's Dismissal Order, the Complaint is an impermissible shotgun pleading that fails to comply with Rule 8. The Complaint lacks factual allegations to support any potential claim for relief. Plaintiff's continued filing of

6

similar, incomprehensible motions rehashing the same arguments, has not convinced the Court that this action states a cognizable claim. Plaintiff's Complaint is frivolous and is therefore dismissed with prejudice. *See* Fed. R. Civ. P. 12(b)(6).

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Rule 60 b3, c1 Motion for all documentation from Case 3:16cv000755 be admitted in Courtroom for Case 3:19cv00580 sealed and otherwise" (Doc. No. 78) and "Motion for Rule60 b3, c1 2nd demand for all previously requested, required, and demanded paperwork" (Doc. No.79) are **DENIED**; and

2. The Complaint is **DISMISSED** with prejudice for failure to state a claim pursuant to Rule 12(b)(6). The Court's Prefiling Injunction Order remains in effect despite this dismissal. As a reminder to Plaintiff, he, and anyone acting on his behalf, is **ENJOINED** from filing any document or new action in any state or federal court (excepting only any notice of appeal of this Order) relating to the Wells Fargo Defendants, broadly construed, and the underlying substance of the actions Plaintiff has filed against them, both as defined in the Court's prior Prefiling Injunction Order, unless Plaintiff has obtained either a) prior authorization from this Court or b) a signed certification from a licensed attorney that the proposed filing does not violate such a prefiling injunction, complies with Rule 11, and is not based on underlying substance of Plaintiff's prior actions against the Wells Fargo Defendants.

3. The Clerk is directed to close the case.

Signed: December 30, 2021

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge